IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3020-FL

| | | |
|---|---|---|
| FRED LAMAR BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MR. HELNISKI and D. SMITH, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to

Federal Rule of Civil Procedure 56 (DE 46).   Although advised of his right to do so, plaintiff did

not respond to the motion.   In this posture, the issues raised are ripe for ruling.   For the following

reasons, defendants' motion is granted.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on

January 14, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.

Following an initial period of frivolity review, the court allowed plaintiff to file the operative

amended complaint on September 5, 2019, asserting claims under the Fourteenth Amendment to

the United States Constitution.   In particular, plaintiff alleges that defendants placed a white

powdery substance in his food, which caused plaintiff to develop chest pain and high blood

---

[1]       The court dismissed formerly named defendants Mr. Holmes, Mr. Rosa, Mr. Brown, Mr. Newkirk, Mr. Jones,
Mr. Johnson, Mr. Strutz, Mr. Austin, Mr. McDuffie, Mr. Schribman, Mr. Baker, Ms. Steinbeck, Mr. Phillips, and Mr.
Mohamed by separate orders entered October 29, 2019, and September 23, 2021.

pressure.   Defendants, sued in both their individual and official capacities, are Mr. Helniski ("Helniski") and D. Smith ("Smith"), both of whom were correctional officers at the Wake County Public Safety Center during the relevant time.   As relief, plaintiff seeks monetary damages.

Following a period of discovery, defendants filed the instant motion for summary judgment, relying on a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following:   1) Wake County Sheriff's Office ("WCSO") booking report; 2) WCSO inmate log; 3) excerpts of transcript of plaintiff's deposition; 4) affidavits of WCSO detention deputy director Mildred Drayton; 5) affidavit of defendant Helniski; and 6) affidavit of defendant Smith.   That same day, the court notified plaintiff that a motion for summary judgment had been filed and provided plaintiff with instructions regarding how to respond to the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).   As noted above, plaintiff did not respond to the motion.

## STATEMENT OF THE FACTS

The factual background, viewed in the light most favorable to plaintiff and drawn from his verified compliant, may be summarized as follows.   Following his arrest on criminal charges, plaintiff was housed at a pretrial detainee at the Wake County Detention Center ("WCDC") between October 2018 and March 2019.   (Am. Compl. (DE 11) at 4–6).[2]   As noted above, defendants were correctional officers at the WCDC.   (Id.).   Plaintiff attests that defendants placed a white powdery substance in his food tray on October 30 and 31, 2018, again on December 3, 2018, and a final time on March 30, 2019.   (Id.).   He did not, however, consume the meals

---

[2]        Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

presented to him on those days, having observed defendants' actions. (Pl's Dep. (DE 49-3) at 6:14-16, 10:14-11:4). Plaintiff developed chest pain and high blood pressure around this same period of time. (Id. at 5).

## COURT'S DISCUSSION

A.    Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in

3

[non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.    Analysis

Plaintiff's allegations of food tampering in effect assert a claim for unconstitutional conditions of confinement in violation of the Fourteenth Amendment. See Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) ("It is well-established that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it."). The Fourteenth Amendment analysis of plaintiff's conditions of confinement claim is coextensive with the Eighth Amendment standard applicable to convicted prisoners. See Mays v. Sprinkle, 992 F.3d 295, 300–02 (4th Cir. 2021). The Eighth Amendment's prohibition on cruel and unusual punishment, in turn, requires

4

prison officials to provide humane conditions of confinement. Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To succeed on a conditions of confinement claim, plaintiff must "show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). As to the first objective prong, "a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's exposure to the challenged conditions." De'Lonta v. Angelone, 33 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381). The subjective prong of a conditions of confinement claim "is satisfied by a showing of deliberate indifference by prison officials" which requires that a prison official "actually know of and disregard an objectively serious condition, medical need, or risk of harm." Id. (citing Farmer, 511 U.S. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)).

Here, as to the objective component, plaintiff asserts that he developed chest pain and high blood pressure around the time that defendants placed the powdery substances in his food. Plaintiff, however, provides no competent medical or other evidence identifying the powdery substance or establishing that it caused these symptoms. And plaintiff's medical records establish that medical personnel did not attribute plaintiff's chest pain to ingestion of a specific medication or other foreign substance. (Drayton Aff (DE 49-4) ¶¶ 13–14 and Exs. F, G (documenting that medical personnel were unable to find a cause of plaintiff's chest pain)). Plaintiff's "mere incantation" of chest pains and high blood pressure – without any attempt to identify the powdery substance or show that it caused his symptoms – is insufficient to establish defendants' alleged

5

actions caused a serious or significant physical or emotional injury.  See Strickler, 989 F.2d at 1381; see also Gardner v. Beale, No. 92-6049, 1993 WL 264459, at *2 (4th Cir. July 13, 1993) ("[Plaintiff's] contention that he was starving and suffered mental anguish is simply not enough under Strickler").

Furthermore, plaintiff testified at his deposition that he did not consume the meals defendants allegedly tampered with.   (Pl's Dep. (DE 49-3) at 6:14-16, 10:14-11:4.   If he did not consume the meals, plaintiff cannot demonstrate a serious or significant physical or emotional injury or substantial risk thereof.   And plaintiff's unsupported speculation that defendants tampered with other meals that he consumed is insufficient to create a triable issue of fact on summary judgment.   Wai Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations . . ., without more, are insufficient to preclude granting the summary judgment motion").   Accordingly, plaintiff fails to establish a triable issue of fact as to the objective component of his Eighth Amendment claim.[3]

The court next turns to plaintiff's official capacity claims.   Plaintiff's official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent."   Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).   Under the doctrine of Monell liability, a local governmental entity "is subject to Section 1983 liability only when its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the plaintiff's injury.'"   Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469–70 (4th Cir. 2013) (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)).   A governmental entity may be held liable pursuant to

---

[3]        In light of this ruling, the court does not address the subjective component.   Defendants also do not move for summary judgment on the subjective component.

§ 1983 in the following four scenarios:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifests deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)).

Here, where plaintiff fails to establish a triable issue of fact with respect to his underlying Eighth Amendment claim against defendants in their individual capacities, the official capacity claims likewise fail. See id. Accordingly, the motion for summary judgment is granted as to the official capacity claims.

Finally, to the extent plaintiff's complaint should be construed to raise any state law claims, the court declines to exercise supplemental jurisdiction over such claims. A district court may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, any state law claims are dismissed without prejudice.

**CONCLUSION**

Based on the foregoing, defendants' motion for summary judgment (DE 46) is GRANTED. Any state law claims asserted in the amended complaint are dismissed without prejudice to plaintiff pursuing such claims in state court. The clerk is DIRECTED to close this case.

7

SO ORDERED, this the 28th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

8